United States District Court
Southern District of Texas
**ENTERED**
May 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 5:21-CR-542-1 |
| | § | |
| VICTOR MANUEL ROSALES-RAMOS | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, by order of the District Court, to the United States Magistrate Judge for the taking of a felony guilty plea and the Federal Rule of Criminal Procedure Rule 11 Allocution. All parties waived the right to plead guilty before a United States District Judge and consented to proceed before a United States Magistrate Judge.

On May 7, 2021, Defendant and counsel appeared by video conference before the Magistrate Judge, who addressed Defendant personally in open court and informed Defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure and determined that Defendant was competent to plead guilty and fully understood said admonishments. Under the applicable Southern District of Texas General Orders, CARES Act Authorization for Video and Audio Conferencing in Criminal Proceedings and Order on Written Waivers of Personal Appearance Under the CARES Act, Defendant could not be physically present without seriously jeopardizing public health and safety during the national emergency created by the novel coronavirus. The plea hearing was not postponed because the Magistrate Judge found that further delay of the plea would cause serious harm to the interests of justice, namely resulting in Defendant serving more time in jail than Defendant's potential guideline sentence and/or prolonging the

detention of material witnesses designated under Title 18 United States Code, Section 3144. Under the applicable General Order, Defendant waived personal appearance on the record and consented to appearing by video conference after consultation with counsel. The Magistrate Judge also confirmed that Defendant could see and hear clearly during the proceeding.

Defendant pleaded guilty to count one of the Indictment (count one violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)). Any other counts are to be dismissed at sentencing. **Pursuant to Rule 11(c)(1)(A) and Rule 11(c)(1)(B), and the applicable General Order, the Court summarized the written plea agreement to Defendant and counsel through video conference. The plea agreement was confirmed and ratified on the record by the parties.** The Court further explained to Defendant that this agreement was not binding on the District Judge. The Court explained that the District Judge is obligated to calculate the applicable sentencing guideline range under the Sentencing Guidelines promulgated by the United States Sentencing Commission and to consider that range in determining Defendant's sentence. *See* FED. R. CRIM. P. 11(b)(1)(M). The Court also explained that Defendant could receive a term of supervised release. The Court explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and the statutory fee assessment. The Court finally informed Defendant that, if a person who is not a United States citizen is convicted of a crime, he or she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. *See* FED. R. CRIM. P. 11(b)(1)(O).

The Magistrate Judge finds the following:

1. Defendant, with the advice of counsel, has consented orally to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2. Defendant fully understands the nature of the charges and penalties;

3. Defendant understands his/her Constitutional and statutory rights and wishes to waive these rights, including his/her right to appeal or collaterally attack his/her sentence (s*ee* FED. R. CRIM. P. 11(b)(1)(N));

4. Defendant's plea is made freely and voluntarily;

5. Defendant is competent to enter this plea of guilty;

6. There is an adequate factual basis for this plea; and

7. Further delay of the plea would cause serious harm to the interests of justice.

## Recommendation

The Magistrate Court **RECOMMENDS** that the District Court accept the plea of guilty and enter final judgment of guilt against Defendant.

## Warnings

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1);

*Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

Signed on May 14, 2021, at Laredo, Texas.

_____
CHRISTOPHER DOS SANTOS
UNITED STATES MAGISTRATE JUDGE